■ BOARD OF EDUCATION OF THE OSSINING UNION FREE SCHOOL DISTRICT, Respondent-Appellant, v TOWN OF OSSINING et al., Defendants, and TOWN OF YORKTOWN et al., Appellants-Respondents. [694 NYS2d 110] —In a consolidated action to recover interest on school taxes collected by the defendants, the

defendants Town of Yorktown, Aaron Bock, Supervisor of the Town of Yorktown, and Frieda Schmid, Receiver of Taxes of the Town of Yorktown, appeal from (1) an order of the Supreme Court, Westchester County (Bellantoni, J.), entered January 9, 1998, which granted the plaintiff's motion for summary judgment against the Town of Yorktown, and (2) a judgment of the same court, entered April 28, 1998, which is in favor of the plaintiff and against the Town of Yorktown in the principal sum of $48,029.16. The plaintiff appeals from so much of the same judgment as failed to award it prejudgment interest. The notice of appeal of the defendants Town of Yorktown, Aaron Bock, Supervisor of the Town of Yorktown, and Frieda Schmid, Receiver of Taxes of the Town of Yorktown, from the order is also deemed to be a notice of appeal from the judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by adding thereto a provision awarding the plaintiff prejudgment interest in the sum of $30,404.63; as so modified, the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded two bills of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

By order entered January 9, 1998, the Supreme Court granted the plaintiff's motion for summary judgment to recover the principal sum of $48,029.16 from the Town of Yorktown (hereinafter the Town). The award was for interest earned on school tax moneys collected and held in interest-bearing accounts by the Town dating back to 1987. On appeal the Town contends that the court erred, *inter alia,* in granting the plaintiff's motion for summary judgment. In support of its motion for summary judgment, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law to recover interest earned by the Town on school taxes collected and held by the Town but not paid to the plaintiff (*see,* Town Law § 37 [1]). In opposition to the plaintiff's motion, the Town failed to raise a triable issue of fact. Accordingly, summary judgment was properly granted to the plaintiff.

In support of its proposed judgment to be entered on the order, the plaintiff proffered unrebutted evidence that it was

entitled to prejudgment interest in the sum of $30,404.63. In the judgment appealed from, however, no award of prejudgment interest was made. On the facts presented, an award of prejudgment interest on the plaintiff's complaint, an action at law, was warranted (*see,* CPLR 5001; *Parsa v State of New York,* 64 NY2d 143).

The Town's remaining contentions are without merit. Ritter, J. P., Thompson, Joy and H. Miller, JJ., concur.